# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| GREGORY GILREATH,<br>Plaintiff,<br><br>vs<br><br>PLUMBERS, PIPEFITTERS, &<br>SERVICE TECHNICIANS LOCAL<br>502, et al.,<br>Defendants. | Case No. 1:09-cv-628<br><br>Beckwith, J.<br>Hogan, M.J.<br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Gregory Gilreath brings this pro se action against defendants Bechtel Construction Corporation (BCC), Plumber, Pipefitters & Services Technicians Local 502 (the Union), Wilson McShane Corporation (WMC), and the National Labor Relations Board (NLRB) alleging state and federal law claims based on incidents arising from his former employment with Bechtel Construction Corporation and his membership in the Union. This matter is before the Court on defendant NLRB's motion to dismiss (Doc. 18), plaintiff's memorandum in opposition and motion for leave to amend the complaint to clarify that Count VII against the NLRB is brought under the Federal Tort Claims Act (Doc. 20), and defendant NLRB's reply in support of its motion to dismiss and memorandum in opposition to plaintiff's motion to amend the complaint. (Doc. 24).

Plaintiff's complaint[1] alleges the following: Plaintiff, Gregory Gilreath, is a former employee of BCC and a member of the Union. According to the complaint, Gilreath learned about misdeeds engaged in by employees of BCC and the Union. (Doc. 2 at ¶¶ 7, 8, 50). As a

---

[1]The allegations of the complaint are taken verbatim from the Report and Recommendation of February 1, 2010. (Doc. 41).

result, he filed charges against BCC and the Union with the National Labor Relations Board (NLRB), on January 3, 2009. (*Id.* at ¶ 10). Ultimately, these charges were resolved by means of a settlement brokered by a representative of the NLRB. (*Id.* at ¶ 11-15). Following the settlement, however, Gilreath claims that BCC and the Union resumed their allegedly unlawful practices. (*Id.* at ¶ 17). In addition, in April, 2009, Gilreath was asked to pay more than $700.00 in dues to the Union as a result of his settlement with BCC. (*Id.* at ¶ 18). Gilreath disputed this amount, accused BCC of violating the confidentiality provision of the settlement agreement, and alleged that the Union violated its fiduciary duties to him.

In the summer of 2009, Gilreath's relationship with the Union worsened. After suffering a physical injury, he contacted and visited Defendant, Wilson McShane Corporation (WMC), the third party administrator for the Union's health insurance and pension funds, to discuss his disability benefits. (*Id.* at ¶¶ 3, 20, 23, 24). Following this visit, Gilreath went next door to the Union office and allegedly became involved in a violent confrontation with some of the Union members. (*Id.* at ¶ 25-28). Due to this incident, Gilreath alleges that he was not permitted to pay his Union dues, was barred from returning to the Union hall, and that formal charges were brought against him for alleged violations of the Union's policies. He, therefore, filed another set of charges against the Union with the NLRB, alleging that he was unfairly prevented from obtaining evidence to prepare his defense against the internal charges initiated by the Union. (*Id.* at ¶¶ 33, 46-47, 49, 50, 53-54).

As a result of these events, Gilreath filed this civil action seeking monetary damages and injunctive relief. He has asserted causes of action against the Union and BCC for breach of contract, a violation of 29 U.S.C. § 185, assault, defamation, and discrimination. In addition,

Gilreath asserts a claim for an alleged violation of the confidentiality agreement against BCC. (*Id.* at ¶ 86-88). Finally, Gilreath has asserted a claim for alleged breach of fiduciary duties against the Union, BCC, and the NLRB. (*Id.* at ¶ 103-106).

Defendant NLRB seeks dismissal of the complaint asserting that sovereign immunity bars plaintiff's action against it and that the Court lacks jurisdiction over the breach of fiduciary duty claim against the NLRB. The Court agrees and recommends that defendant NLRB's motion to dismiss be granted.

In determining a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols*, 318 F.3d at 677, citing *Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir.1986). "[W]here a defendant argues that the plaintiff has not alleged sufficient facts in [his] complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Nichols*, 318 F.3d at 677, citing *Jones v. City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999).

It is well settled that the United States may not be sued without its consent under the doctrine of sovereign immunity. *See United States v. Mitchell,* 445 U.S. 535, 538 (1980). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in

statutory text and will not be implied." *Lane v. Pena,* 518 U.S. 187, 192 (1996). "'[T]he circumstances of [the waiver of sovereign immunity] must be scrupulously observed and not expanded by the courts.'" *Blakely v. United States,* 276 F.3d 853, 864 (6th Cir. 2002)(quoting *Kokotis v. United States Postal Serv.,* 223 F.3d 275, 278 (4th Cir. 2000)). Absent an explicit waiver of sovereign immunity by statute, suits against the government or its agents must be dismissed. *Loeffler v. Frank,* 486 U.S. 549, 554 (1988); *United States v. Mitchell,* 463 U.S. 206, 212 (1983).

Plaintiff's complaint alleges a claim of breach of fiduciary duty against the NLRB. He alleges the NLRB is not entitled to sovereign immunity "when it comes to being held accountable for grossly injurious actions." (Doc. 20 at 3). However, plaintiff fails to cite to any provision of the National Labor Relations Act, 29 U.S.C. §§ 151, et seq., or any other federal statute which indicates the United States has waived its right to sovereign immunity in such cases. Nor has plaintiff cited to any legal authority providing for exceptions to sovereign immunity for "grossly injurious actions." Indeed, the United States Supreme Court has noted that suits against the NLRB, a federal agency, are barred by sovereign immunity in the absence of consent by Congress. *N.L.R.B. v. Nash-Finch Co.,* 404 U.S. 138, 147 n.4 (1971). *See also Clover Fork Coal Co. v. National Labor Relations Board,* 107 F.2d 1009 (6th Cir. 1939); *Rogers v. N.L.R.B.,* No. 06-15074, 2007 WL 656281, at *6 (E.D. Mich. Feb. 28, 2007). In the absence of a specific waiver of sovereign immunity, plaintiff's claim against the NLRB must be dismissed.

Plaintiff seeks to amend his complaint to assert a claim against the NLRB under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 et seq., which grants a limited

waiver of sovereign immunity and authorizes federal jurisdiction over suits against the United States Government for torts committed by its employees while in the scope of their employment. Plaintiff's proposed amended complaint against the NLRB would not survive a motion to dismiss and therefore should be denied as futile. *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) ("Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."). There are three reasons for the Court's conclusion.

First, actions under the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b). *See Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."). *See also DMC-Memphis, Inc. v. Mutual of Omaha Ins. Co.*, 105 Fed. Appx. 671, 675 (6th Cir. 2004); *Peng v. Chertoff*, No. 2:07-cv-091, 2007 WL 2029062, *3 (S.D. Ohio July 10, 2007)(Graham, J.). Because plaintiff names the NLRB, and not the United States of America, as the defendant, the Court would lack jurisdiction over plaintiff's FTCA claim even if an amendment were permitted.

Second, even if plaintiff names the United States as a defendant in this matter, his complaint as amended would nevertheless be subject to dismissal for lack of jurisdiction over the FTCA claim because plaintiff has alleged no facts showing he exhausted his administrative remedies prior to asserting his FTCA claim. The FTCA requires claimants to first present the claim to the appropriate agency and have the claim finally denied by the agency. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). In order to fulfill the

5

presentation requirement, the claimant must: (1) give written notice of the claim sufficient to enable the agency to investigate the claim; and (2) place a value (or "sum certain") on the claim. *See Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002); *Glarner v. U.S., Dept. of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). A federal court lacks subject matter jurisdiction over an FTCA complaint unless a plaintiff exhausts his administrative remedies prior to bringing suit. *Glarner v. U.S. Dept. of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981). Plaintiff has failed to allege any facts or present evidence showing he provided written notice of his claim to the NLRB for a specific sum of money. Therefore, the Court would lack jurisdiction over the complaint as amended.

Third, plaintiff fails to show he has a cause of action under Ohio law for a governmental employee's breach of fiduciary duty or for grossly injurious conduct in the investigation and settlement of unfair labor practice charges. The liability of the United States under the FTCA is "determined in accordance with the law of the state where the event giving rise to liability occurred." *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995). Plaintiff has not identified the relevant state law that would result in liability against the federal government. To the extent plaintiff alleges the actions of the NLRB violate his constitutional and federal law rights, his proposed amended complaint would fail to state a claim for relief under the FTCA because he may not bring a constitutional or federal law tort claim against a federal agency under the FTCA. *See Federal Exp. Corp. v. U.S. Postal Service*, 151 F.3d 536, 540 (6th Cir. 1998) (citing *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 477-78 (1994)) ("No federal law tort litigation can be commenced under the FTCA; rather, that Act

6

legitimates only certain state law tort actions against the United States.").

Because plaintiff's proposal to amend the complaint to assert a claim under the FTCA against the NLRB would not survive a motion to dismiss, the motion for leave to amend the complaint should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant NLRB's motion to dismiss (Doc. 18) be **GRANTED**.

2. Plaintiff's motion for leave to amend the complaint to clarify that Count VII against the NLRB is brought under the Federal Tort Claims Act (Doc. 20) be **DENIED**.

Date: 8/30/10

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY GILREATH,
    Plaintiff,

vs

PLUMBERS, PIPEFITTERS, &
SERVICE TECHNICIANS LOCAL
502, et al.,
    Defendants

Case No. 1:09-cv-628

Beckwith, J.
Hogan, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).