UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-217

GREGORY K. GILREATH                                                                        PLAINTIFFS

V.

PLUMBERS, PIPEFITTERS & SERVICE                                                DEFENDANTS
TECHNICIANS LOCAL 502

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gregory K. Gilreath ("Gilreath") brought this action against Defendant Plumbers, Pipefitters & Service Technicians Local 502 ("Local 502") and others in the U.S. District Court for the Southern District of Ohio, seeking damages on various causes of action. Judge Beckwith dismissed Plaintiff's claims against defendants Wilson McShane Corporation, the National Labor Relations Board ("NLRB"), and Bechtel Construction Company ("Bechtel") and transferred the case to this Court as the appropriate venue to hear Plaintiff's remaining claim against Local 502. As noted in Judge Beckwith's order, Plaintiff's complaint alleges a claim under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Under this statute, actions against a labor organization must be brought in the district court for the jurisdiction in which the organization has its principal office or acts on behalf of its members. 29 U.S.C. § 185(c). Local 502 has its principal office in Louisville, KY and does not act on behalf of its members in Ohio. Thus, venue is appropriate in this Court.

I.

Before dismissal of co-defendants and transfer of the case to this Court, Plaintiff filed a motion for leave to amend his pleadings and to add two defendants: (1) the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry ("UA"), Local 502's parent organization; and (2) David Leightty, counsel for Local 502. Plaintiff may only amend his pleading by leave of the Court because Defendant had already filed a responsive pleading. Fed. R. Civ. P. 15(a); *Security Ins. Co. of Hartford v. Kevin Tucker & Assoc., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995). Leave to amend pleadings should be denied when such amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court denies Plaintiff's motion, as the proposed Amended Complaint does not alter the original Complaint in any legally significant manner.

II.

Defendant has filed a Motion for Judgment on the Pleadings. A Rule 12(c) motion may be granted only if taking as true "all well-pleaded material allegations of the pleadings of the opposing party...the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations omitted). Plaintiff's allegations must give Defendant notice as to the claim alleged and must plead enough facts to make the legal claim plausible. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009)). Although complaints filed pro se are held to less stringent standards than those filed by lawyers and are to be liberally construed, *Williams v. Curtin*, 631 F. 3d 380, 383 (6th Cir. 2011), this Court "need not 'accept as true a legal conclusion couched as a factual allegation.'" *Hensley Mfg. v. ProPride, Inc.*, 579

F.35 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Judge Beckwith's orders dismissing Plaintiff's claims against other defendants describe the facts alleged in this case, which will be taken as true and will be only summarized here. Gilreath has been a member of Local 502 since January 2008 and worked for Bechtel until he was fired on or about August 29, 2008. Gilreath filed unfair labor practice charges with the NLRB against Bechtel and Local 502 in January 2009. Five months later, both Bechtel and Local 502 entered into separate settlement agreements with Gilreath and the charges were dismissed. The next month, Local 502 sent Gilreath a letter demanding a payment for money allegedly owed to the Union based on the Bechtel settlement, which Gilreath refused to pay.

On July 21, 2009, Gilreath visited the Local 502 office in Louisville to pay his regular monthly dues. This visit resulted in an altercation with Local 502 Business Manager Roger Baum. Mr. Baum waved papers and "barely [made] contact with [Gilreath's] face with those papers." Local 502 rejected Gilreath's attempt to pay his monthly dues and Baum brought internal charges against Gilreath. He was also barred from Local 502's property. Local 502 held a hearing on August 31, 2009 and found that Gilreath had violated Section 199 of the UA Constitution. Gilreath successfully appealed this decision to the UA, which dismissed the charges on December 30, 2009.

III.

Plaintiff's first two claims are asserted under the LMRA and the various Union contracts or constitutions.

Count I of the Complaint alleges Local 502 breached contractual obligations to Plaintiff

3

under the "UA Constitution, Local Agreements, [Bechtel] handbook, and others." An employment handbook or manual may constitute a contract under certain circumstances in Kentucky, *Oaks v. 3M Co.*, 453 F.3d 781, 784 (6th Cir. 2006), but Plaintiff has alleged nothing to suggest that Local 502 was somehow contractually bound by a Bechtel employee handbook. In contrast, the UA Constitution is a collective bargaining agreement under Section 301 of the LMRA to which Local 502 is a party. As such, the UA Constitution could support a breach-of-contract claim. *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 101-02 (1991).

The Complaint provides little guidance about what conduct may have breached the UA Constitution. The Court, mindful of the more liberal pleadings standards afforded pro se plaintiffs, attempts to infer the allegation from the pleadings. However, the breach cannot be the conduct that formed the basis for the charges Gilreath filed with the NLRB against Local 502 and Bechtel, as those charges were settled in May 2009. The relevant conduct could be Local 502's filing internal charges against Gilreath. When Gilreath filed this lawsuit, he knew that Baum had filed charges and that a hearing was scheduled for August 29, 2009. Gilreath also alleges that he was not provided a copy of the UA Constitution and Local 502 By-Laws when he became a member, violating Section 152(a) of the UA Constitution.

The problem with these claims is that Section 210 of the UA Constitution requires a union member to exhaust internal remedies before resorting to court proceedings. The LMRA permits this requirement. 29 U.S.C. § 411(a)(4) (union members may be required to exhaust reasonable hearing procedures that do not exceed a four-month lapse of time). When Gilreath filed this suit, he had not exhausted internal remedies. The UA dismissed the charges brought against Gilreath within four months of the hearing held by Local 502, demonstrating the

4

reasonableness and efficacy of the internal remedies that Plaintiff failed to exhaust before filing his lawsuit. Likewise, there is no indication that Plaintiff exhausted internal remedies with regard to his not receiving a copy of the UA Constitution and Local 502 By-Laws. Those documents have since been furnished to Plaintiff. Even construing the pleadings liberally, Plaintiff has not stated a claim for breach of contract.

Count II alleges a violation of Section 301 of the LMRA. *See* 29 U.S.C. § 185. The Court presumes the legal theory is a breach of the duty of fair representation by Local 502 as to the events leading up to Gilreath's dismissal from Bechtel.[1] Claims for unfair labor practices under Section 301 are subject to a six-month statute of limitations. *Cummings v. John Morell & Co.*, 36 F. 3d 499, 503 (6th Cir. 1994) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983)). Gilreath's cause of action accrued, at the very latest, by January 3, 2009,[2] when he filed a complaint against Local 502 and Bechtel with the NLRB. He did not file this lawsuit until August 28, 2009, after the statute of limitations period had expired. Count II must be dismissed.

IV.

The Court will consider the remainder of Plaintiff's claims in this final section.

Count IV[3] is a claim for assault. It alleges that "Plaintiff was assaulted on the [Bechtel] jobsite [sic]" and that "[t]he assault occurred from a Local 502 employee acting under the guise

---

[1] Count II names Local 502 and Bechtel as defendants, suggesting that this is a "hybrid § 301 / fair representation claim" of the style discussed in *DelCostella v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983). *See also Cummings v. John Morell & Co.*, 36 F. 3d 499, 501 (6th Cir. 1994). Plaintiffs asserting these claims allege the employer violated the collective bargaining agreement and the union failed to fairly represent their interests.

[2] More likely is that the cause of action accrued by the time Gilreath was fired–August 29, 2008.

[3] The Court does not address Count III, which only named Bechtel as a defendant and has been dismissed by earlier order.

5

for Local 502." The factual allegations make no mention of any incident occurring at the Bechtel job-site and the bare assertion that someone working for Local 502 did something that amounted to assault is too vague to state a claim.

Even if Count IV is meant to allege an assault based on the confrontation between Gilreath and Baum that occurred in the Local 502 office, it still fails to state a claim. Plaintiff alleges that Baum "rushed upon" him waving a letter, which barely made contact with his face. This verbal confrontation with slight, incidental contact does not constitute an assault or a battery under Kentucky law. *See* 13 David J. Leibson, *Kentucky Practice Series, Tort Law* §§ 2:1 and 3:1 (West 2011).

Count V asserts a claim for defamation in that Local 502 has "alleged untrue written" and "untrue spoken allegations against Plaintiff." The Complaint does not identify the allegedly defamatory statements, who made them, and to whom they were made. A review of the Complaint and attached exhibits reveal no statements, written or spoken, that can support a claim for defamation under Kentucky law. *See* Leibson, *Tort Law* §15:1. Count V is dismissed.

Count VI is a cause of action for discrimination. Again, the allegation does not specify what conduct constituted defendant's basis for liability, but rather alleges generally that "[d]efendants have engaged in a policy of discrimination against the Plaintiff." In the fact section of the Complaint, Plaintiff alleges that Local 502, among others, has "discriminated against Gilreath by various violations, contra to Acts of Congress, or decisions by agencies covered by said Acts." Even had Plaintiff identified the allegedly discriminatory conduct, the record does not indicate that Plaintiff is a member of any protected class under federal or state civil rights laws. *See* Rodney A. Smolla, *Federal Civil Rights Acts* § 9:1 ("Title VII proscribes

discrimination on grounds of race, color, religion, sex or national origin."). As such, his claim for discrimination must fail.

Count VII alleges that defendants breached their fiduciary duties towards Plaintiff. Defendant argues that a union's duty toward a member is the duty of fair representation, not a fiduciary duty. The Court need not reach that issue because even if there were a fiduciary relationship, Plaintiff's claim is pre-empted by federal labor law. *Bednarek v. United Food & Commercial Workers Int'l Union, Local Union 227*, 780 S.W. 2d 630, 632 (Ky. Ct. App. 1989) (citing *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988)). As discussed above, Plaintiff's claim for under federal labor law, the LMRA, is time-barred.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings is SUSTAINED and all claims against Defendant are hereby DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Counsel of Record